IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **RELIABLE CARRIERS, INC.**, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**EXCEPTIONAL AUTO GROUP d/b/a RELIABLE AUTO SHIPPING INC.**, a New York corporation; **RELIABLE AUTO SHIPPING INC.**, a New York corporation,<br><br>Defendants. | Civil Action No. 2:24-cv-11882<br><br>Hon. |

# COMPLAINT

Plaintiff, Reliable Carriers, Inc. ("Reliable" or "Plaintiff") brings this Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendants Exceptional Auto Group d/b/a Reliable Auto Shipping Inc. ("EAG") and Reliable Auto Shipping Inc. ("RASI") (collectively, "Defendants"). For its Complaint, Reliable alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition in violation of §43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(a), and MICH. COMP. LAWS § 429.42 *et seq.*; for trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); for unfair trade

practices in violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS §§ 445.901, *et seq*; and for fraud. Reliable seeks all appropriate relief, including an order requiring Defendants to cease all uses of Reliable's famous trademark and Reliable's U.S. Department of Transportation (USDOT) Number.

2. This action arises out of Defendants' knowing and willful violation of Plaintiff's rights in its famous and distinctive trademark, RELIABLE CARRIERS (the "Mark"), caused by Defendant's use in commerce of Reliable's famous and distinctive Mark.

3. One or more of the Defendants also fraudulently impersonated Reliable by displaying Reliable's USDOT Registration Number on their vehicle(s) without Reliable's authorization.

4. Defendants' fraudulent use of Reliable's USDOT number places Reliable's business in jeopardy. Indeed, at least one of Defendants' infractions was falsely attributed to Reliable due to Defendants' fraud.

5. Defendants' unlawful acts have caused and continue to cause consumers and law enforcement to believe that Reliable is affiliated with Defendants or has endorsed Defendants' products and services, thus jeopardizing the goodwill associated with the Mark, unjustly enriching Defendants, who benefits from the association, and causing confusion for consumers seeking the services of Reliable on which they have come to depend.

6. On information and belief, Defendants' unlawful acts have lessened the capacity of the Mark to identify and distinguish the services Reliable provides under the Mark, thus diluting the Mark's distinctive quality.

7. In addition, on information and belief, Defendants have intentionally profited from its unauthorized use of the Mark and has made unauthorized commercial use of the Mark in Michigan and elsewhere to its benefit and to the detriment of Reliable and of consumers, in violation of the laws set forth above.

**THE PARTIES**

8. Plaintiff Reliable is a corporation organized and existing under the laws of Michigan, with its principal place of business in Canton, Michigan. For over 60 years, Reliable has provided safe, high quality transportation of automobiles, including specialized automobile transportation. Reliable provides automobile transportation services throughout the United States. Reliable operates under USDOT No. 242599.

9. Defendant EAG provides automobile transport services in the continental United States, including in the State of Michigan, under the name Reliable Auto Shipping Inc. Upon information and belief, EAG displayed Reliable's USDOT number on its vehicle(s) and represented itself as Reliable.

10. Defendant RASI provides automobile transport services in the continental United States, including in the State of Michigan, under the name

{30296/500/D1937737.DOC;1}

Reliable Auto Shipping Inc. Upon information and belief, RASI displayed Reliable's USDOT number on its vehicle(s) and represented itself as Reliable.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337 and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in the Eastern District of Michigan.

## FACTS ENTITLING RELIABLE TO RELIEF

### A. Reliable's Widespread and Substantial Use of the Mark

13. Since its founding over 60 years ago, Reliable has enjoyed a reputation as one of the premier automobile transportation services in the country. That reputation is largely based on the quality and reliability of the services it provides.

14. Reliable has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with the Mark. Reliable's efforts include extensive advertising campaigns and promotional efforts involving the Mark.

15. Reliable has continuously used the Mark to identify it as the provider of automobile transportation services. In addition, Reliable has obtained federal trademark registration of the Mark. *See* U.S.P.T.O Registration No. 3771457; *see also* U.S.P.T.O Registration Nos. 3367793 and 3387599.

16. As a result of Reliable's history and experience providing high quality services, and as a result of the continuous and extensive advertising, promotion, and performance of services under the Mark, the Mark has acquired substantial value and fame in the United States.

17. Further, the Mark is widely recognized by consumers in the specialized vehicle industry, and has acquired enormous goodwill as a Mark identifying high quality and dependable services. Indeed, the Mark is distinctive such that consumers in the industry recognize that services provided under the Mark were performed by Plaintiff.

18. For many years, Reliable has maintained the highest standards of safety while operating under USDOT No. 242599. Currently, approximately 337 drivers operate under the Reliable USDOT.

**B.   Defendants' Unlawful Use of Plaintiff's Mark and USDOT Number.**

19. Reliable has never authorized Defendant to use its Mark or its USDOT Number.

20. On information and belief, Defendants have knowingly and willfully violated Plaintiff's rights in its famous and distinctive Mark by using the Mark in commerce. In addition, Defendants have used the Mark as a search engine placement term (*e.g.* metatags, keywords and/or hidden words) on various search engines, such as Google, to increase the visibility and internet traffic to Defendants' websites (hereinafter the "Infringing Uses").

21. Defendants' Infringing Uses are likely to confuse consumers as to whether Defendants are related to or endorsed by Reliable.

22. In or around May of 2024, one of Defendants' drivers was issued a citation, which was imputed to Reliable based on the fraudulent display of Reliable's USDOT Number on the Defendant vehicle.

23. In or around May of 2024, Reliable became aware that Defendants were displaying Reliable's USDOT Number on its vehicles and passing itself off as Reliable. Upon further investigation, Reliable discovered the other Infringing Uses of Reliable's Mark.

24. On July 1, 2024, Reliable sent a certified letter to Defendants demanding that they cease and desist from the Infringing Uses.

25. Defendants did not respond to the July 1, 2024 demand letter, nor did Defendants cease and desist from the Infringing Uses.

26. Defendant's Infringing Uses have been and continue to be of commercial value to Defendants.

27. On information and belief, at the time Defendants began their Infringing Uses, and at all times thereafter, they were aware, or had reason to know, of Reliable's rights in the Mark, and knew that the trademark is distinctive and has become famous and valuable.

28. Defendants' Infringing Uses lessen the capacity of Reliable's Mark to identify and distinguish the services provided by Reliable under the Mark and, thus dilutes the distinctive quality of the Mark and damages the reputation, recognition, and goodwill consumers associate with Reliable's services.

29. Defendants' unauthorized use of Reliable's USDOT number threatens Reliable's license and entire business, as Defendants' infractions could be and have been imputed to Reliable.

30. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

31. For the foregoing reasons, Defendants' Infringing Uses have caused and likely will cause injury to Reliable and to the goodwill and value of its Mark and Defendants' unauthorized use of Reliable's USDOT Number has caused and will likely cause injury to Reliable and its standing with the U.S. Department of Transportation.

## COUNT I
### (Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 above.

33. Defendants' Infringing Uses violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such actions constitute willful and deliberate use in commerce of Plaintiff's Mark, which is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval by Reliable of products and services promoted by Defendants, and which accordingly constitutes unfair competition and infringement of Plaintiff's Mark.

34. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

35. Defendants' violation of this statute has irreparably damaged Reliable, and Reliable has no adequate remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring Reliable and the public.

36. On information and belief, Defendants have received substantial revenues and substantial profits as a result of the Infringing Uses, to which Defendants are not entitled, and Reliable has also suffered damages as a result of Defendants' Infringing Uses, for which Defendants are responsible.

## COUNT II
**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-36 above.

38. Defendants' Infringing Uses violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use in commerce of the Infringing Uses, which commenced after Reliable's Mark became famous, are likely to cause, and has caused, dilution of the distinctive quality of Reliable's famous Mark.

39. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

40. Reliable has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring Reliable and the public.

## COUNT III
**(Trademark Infringement in Violation of Mich. Comp. Laws § 429.42)**

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-40 above as if fully set forth herein.

42. Defendants' unauthorized use of the Mark violates Mich. Comp. Laws, § 429.42 *et seq.*, because such actions constitute reproduction, copying, or

colorable imitation of the Mark in an advertisement for services intended to be sold for profit in the State of Michigan.

43. On information and belief, Defendants engaged in the unlawful Infringing Uses with knowledge that such conduct was intended to create confusion or to deceive.

44. Reliable has been, and continues to be, irreparably damaged by the violation of this statute, and it has no adequate remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring Reliable and the public.

45. On information and belief, Defendants have received substantial revenues and substantial profits as a result of the Infringing Uses, to which Defendants are not entitled, and Reliable has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT IV
**(Unfair Competition in Violation of the Michigan Consumer Protection Act)**

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-45 above.

47. The Infringing Uses violate the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.901 *et seq.*, because they have caused, and continue to cause, a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided. Further, Defendants'

Infringing Uses violate the act because they represent that Defendants' products and services have sponsorship or approval of Reliable that they do not enjoy.

48. Defendants' conduct has had, and will continue to have, an adverse impact on Reliable and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist in fact. Defendants' unauthorized use of Reliable's USDOT Number has wrongly suggested an affiliation between Defendants and Plaintiff.

49. As a direct and proximate result of Defendants' unfair business practices, it is likely that members of the general public have mistakenly believed, and will continue to mistakenly believe, that Defendants' businesses, and the services provided by Defendant, are approved or endorsed by, or otherwise affiliated with, Reliable.

50. On information and belief, Defendants have received substantial revenues and substantial profits as a result of the Infringing Uses, to which Defendants are not entitled, and Reliable has also suffered damages as a result of Defendants' unauthorized use of the Mark, for which Defendants are responsible.

51. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

52. Plaintiff and the general public have been, and continue to be, irreparably damaged by the violation of this statute, and Reliable has no adequate

remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring Reliable and confusing the public.

## COUNT V
## (Fraud)

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-52 above.

54. By displaying Reliable's USDOT Number on their vehicles, Defendants falsely asserted that they were affiliated with Reliable.

55. At the time Defendants falsely displayed Reliable's USDOT Number on their vehicles, Defendants knew the representation was false.

56. Defendants made the false representation with the intent to deceive the public and law enforcement as to Defendants' origin and affiliation.

57. In reliance on Defendants' false representation, authorities attempted to hold Reliable responsible for infractions rightfully attributable to Defendants.

58. Reliable has suffered damages as a result of Defendants' fraudulent misrepresentation.

**PRAYER FOR RELIEF**

WHEREFORE, Reliable Carriers, Inc. respectfully seeks the following relief:

1. Enjoin and restrain Defendants, their agents, affiliates, subsidiaries, principals, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

    a) Using without authorization Plaintiff's USDOT number or any other licenses or marking assigned to Reliable by any government agency.

    b) Using without authorization Plaintiff's RELIABLE CARRIERS Mark, or any other name, logo, mark or design that that is confusingly or deceptively similar to the Mark, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services performed by Defendant, or in any other manner; and

    c) Using the words "reliable" or "carrier" in any combination in the marketing, promotion, advertising, identification, sale or performance of goods or services, or in any form or manner that would tend to identify or associate Defendants or their businesses or services with Plaintiff, including any and all search engine placement terms;

2. Require Defendants, pursuant to 15 U.S.C. § 1118 to destroy all vehicle markings, literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain Reliable's USDOT Number, the Mark or

13

{30296/500/D1937737.DOC;1}

any term confusingly or deceptively similar to the Mark, either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3. Require Defendants to file with the Court and to serve on Reliable, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. Require Defendants to pay to Reliable an amount yet to be determined to compensate Reliable for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require with respect to damages resulting from fraud, infringement or dilution of the Mark or from unfair competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

5. Require Defendants to account for and pay to Reliable all the profits derived by Defendants resulting from their use of Plaintiff's Mark or USDOT Number, including, but not limited to any advertising revenue generated by any websites using the Mark;

6. Award Reliable the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law.

7. Award prejudgment interest on all liquidated sums; and

8. Award such other and further relief as the Court deems just and proper.

                                    Respectfully submitted,

                                    **KERR, RUSSELL AND WEBER, PLC**

                                    /s/ Michael A. Sneyd
                                    By: Michael A. Sneyd  (P52073)
                                    *Attorneys for Plaintiff Reliable Carriers, Inc.*
                                    500 Woodward Avenue, Suite 2500
                                    Detroit, Michigan  48226
                                    (313)  961-0200
Dated July 19, 2024                mas@krwlaw.com